**Bobby L. SIMS, Appellant,**

v.

**The SOUTHLAND CORPORATION,**
**Appellee.**

**No. 740.**

Court of Civil Appeals of Texas,
Tyler.

Dec. 20, 1973.

Rehearing Denied Jan. 10, 1974.

Thompson, Coe, Cousins, Irons & Porter, Franklin H. Perry, Dallas, for appellant.

John A. Mackintosh, Jr., and Emily A. Parker, Dallas, for appellee.

MOORE, Justice.

This is an appeal from a summary judgment. Bobby L. Sims, appellant, filed a tort action against The Southland Corporation, appellee, for damages for negligence allegedly committed by Southland's employees on April 27, 1970, causing a fire resulting in the destruction of appellant's store building. The fire occurred on June 14, 1971, but appellant did not file suit until May 25, 1972. Appellee, The Southland Corporation, answered the suit and filed a motion for summary judgment under the provisions of Rule 166–A, Texas Rules of Civil Procedure. Southland specifically alleged that it was entitled to a summary judgment, as a matter of law, because appellant's petition showed upon its face that the negligent acts complained of were committed more than two years prior to the filing of the present suit and consequently appellant's cause of action was barred, as a matter of law, by the two-year statute of limitations. Article 5526, Vernon's Ann. Tex.Civ.St. After a hearing, the trial court granted Southland's motion for summary judgment and rendered a "take nothing" judgment against appellant, Bobby L. Sims, from which judgment he duly perfected this appeal.

Appellant asserts by a single point of error (1) that the trial court erred in rendering a summary judgment because he contends that the proof fails to show that his claim was barred by the two-year statute of limitations and (2) that the record shows that there were disputed issues of fact to be determined by the court or jury. We sustain appellant's point of error and

hold that the cause of action was not barred by limitations and that the record presents disputed issues of material fact. Accordingly, we reverse and remand the cause for trial on the merits.

Upon the question of limitations, Article 5526, supra, provides as follows:

"There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

"1. Actions of trespass for injury done to the estate or the property of another.

* * *"

The undisputed summary judgment evidence reveals that at all times material to the suit, appellant, Bobby L. Sims, was the owner and operator of the P & S Drive-in Grocery in Midlothian, Texas. By prior oral agreement between the parties, the Southland Corporation delivered a "Reddi-Ice" icebox to appellant on April 27, 1970, and installed the same on the outside of appellant's store. The Southland Corporation owned the box and did not require any rental payments from Sims. The agreement for use of the box appears to have been made for the mutual benefit of both parties. The benefit accruing to Sims, the bailee, was that the box would afford additional storage space for ice for sale to the public. The benefit to Southland Corporation, the bailor, was Sims' agreement that he would sell only "Reddi-Ice" manufactured by The Southland Corporation. At the time the box was installed, the employees of Southland, with appellant's permission, cut a hole in the wall behind the box and threaded the electrical cord through the hole into the grocery store where the cord was plugged into a wall socket. While Southland's employees were in the process of installing the box, they discovered that the electrical cord was not long enough to reach to the wall socket. As a result, they spliced the electrical cord

so as to extend the length thereof. Appellant was present and witnessed the cutting of the hole in the wall and the splicing of the electrical cord and made no objections to either the splicing of the cord or the manner of installation. After the icebox was installed, appellant had no further contact with Southland with regard to the maintenance or use of the icebox until after the date of the fire, *June 14, 1971*.

The record shows that appellant filed his suit for damages on May 25, 1972, more than two years after the delivery and installation of the icebox but less than two years after the date of the fire. The petition shows that each and every act of negligence allegedly causing the fire occurred on April 27, 1970, the date the icebox was installed, which was more than two years before the suit was filed. According to appellant's pleading and summary judgment evidence, the fire was caused either by a defect in the electrical wire leading from the box into the store or by an overloading of the line or by appellee's failure to ground the same.

Appellee asserts that a cause of action based upon negligence accrues at the time of the wrongful act and consequently limitation commences to run at that time and not at the time of the ascertainment of damages, if any, citing Houston Water-Works Co. v. Kennedy, 70 Tex. 233, 8 S. W. 36 (1888).

On the other hand, appellant argues that the statute of limitations commenced to run from the date of the fire, June 14, 1971, when he sustained damages as a result of the negligence.

In the *Houston Water-Works'* case, the Supreme Court announced two rules governing limitations in tort actions.

First, the court said:

" * * * When an act is in itself lawful as to the person who bases an action on injuries subsequently accruing from, and consequent upon, the act, it is

held that the cause of action does not accrue until the injury is sustained. * * *"

And secondly, the court said:

"* * * *If, however, the act of which the injury was the natural sequence was a legal injury,—by which is meant an injury giving cause of action by reason of its being an invasion of a plaintiff's right,—then, be the damage however slight, limitation will run from the time the wrongful act was committed, and will bar an action for any damages resulting from the act, although these may not have been fully developed until within a period less than necessary to complete the bar. * * *"* (Emphasis ours.)

In the case of Linkenhoger v. American Fidelity & Casualty Company, Inc., 152 Tex. 534, 260 S.W.2d 884 (1953), the Supreme Court cited the *Houston Water-Works'* case and reaffirmed the rules announced there as being the law but went on to point out that "* * * *before the act becomes wrongful there must be an invasion of the rights of the plaintiff.*" (Emphasis ours.)

In 51 Am.Jur.2d, Limitation of Actions, sec. 135, the rule is stated thusly:

"The general rule that the statute of limitations begins to run from the time that the cause of action accrues is fully applicable to tort actions, and, as regards the running of the statute of limitations applicable to torts, a cause of action accrues only when the force wrongfully put in motion produces injury, the invasion of personal or property rights occurring at that time. * * *"

In 54 C.J.S. Limitations of Actions § 168, the rule is stated in this manner:

"* * * * The test to determine when the statute of limitations begins to run against an action sounding in tort is whether the act causing the damage does or does not of itself constitute a legal injury, that is, an injury giving rise to a cause of action because it is an invasion of some right of plaintiff. * * *"

The Supreme Court states in Linkenhoger v. American Fidelity & Casualty Company, Inc., supra, that a very good illustration of the foregoing rule is to be found in the case of City of San Antonio v. Talerico, 98 Tex. 151, 81 S.W. 518, where a plaintiff sued the city for injuries caused by negligence in allowing a hole to remain in the sidewalk. Some two years after plaintiff's injury, the city impleaded an abutting property owner claiming that he had negligently dug the hole and asked judgment over and against him for whatever amount the plaintiff recovered against the city. The court held in that case that no limitation against the city ever commenced to run so long as it had no cause of action, and a cause of action could only arise in its favor when it sustained damage from the act of the property owner.

The statute itself states that limitation begins to run "* * * after the cause of action shall have accrued * * *." Article 5526, supra. It has been held that a cause of action does not exist until facts arise upon which one can assert a claim for relief in a court of competent jurisdiction. Puretex Lemon Juice, Inc. v. S. Riekes & Sons of Dallas, Inc., 351 S.W.2d 119 (Tex.Civ.App., San Antonio, 1961, writ ref'd n. r. e.). This means that there must not only be a right to sue, but facts must exist upon which a person. can sue. As we view the situation, appellant could not have maintained his present suit until such time as the alleged and negligent conduct of the appellee interfered with a legally protected interest of the appellant. Until appellant's rights had been invaded by appellee, appellant had not sustained a legal injury giving rise to a cause of action and therefore the tort was not complete until appellant sustained a legal injury allegedly caused by the fire. Theurer v. Condon, 34 Wash.2d 448, 209 P.2d 311.

Since appellant's suit was filed within two years after the date of the fire, we hold that the suit was not barred by the two-year statute of limitations.

Aside from the issue of limitations, we are of the opinion that the summary judgment proof upon the case as a whole fails to establish, as a matter of law, that there was no genuine issue of material fact to be determined by the trier of fact. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.1970). The summary judgment proof shows that material issues of fact were raised with respect to the appellee's negligence as well as the issue of proximate cause. For the reasons stated, the cause must be reversed and remanded for trial on the merits.

Reversed and remanded.