JEREMIAH CANNON vs. SEARS, ROEBUCK AND Co. & another.

Essex. October 6, 1977. — April 3, 1978.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, LIACOS, & ABRAMS, JJ.

*Negligence,* Manufacturer. *Limitations, Statute of.*

A cause of action for negligence in the design and manufacture of a ladder, the collapse of which allegedly resulted in personal injury to the plaintiff, accrued at the time of the injury, rather than at the time of manufacture or sale of the ladder. [742]

TORT. Writ in the District Court of Lawrence dated October 31, 1972.

On removal to the Superior Court, the action was heard by *Morse,* J., on a motion for summary judgment.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Samuel J. Concemi* for the plaintiff.

*Lawrence J. Fitzgerald* for the defendants.

LIACOS, J. The plaintiff appeals from the allowance by the Superior Court of the defendants' motion for summary judgment. See Mass. R. Civ. P. 56, 365 Mass. 824 (1974). This product liability action for personal injury arises from the alleged collapse of an aluminum extension ladder. The plaintiff claims that the defendants, Sears, Roebuck and Co. (Sears), and White Metal Rolling and Stamping Corp. (White Metal), were negligent in the design and manufacture of said ladder and further alleges breach of the warranties of fitness and merchantability.

The relevant dates of manufacture, sale and injury are not in dispute. The plaintiff's wife purchased the ladder from the defendant Sears on May 8, 1963, at a Sears' store in New Jersey. The ladder had been manufactured by White

Metal in either 1962 or 1963. On November 22, 1970, the ladder allegedly collapsed causing the plaintiff to fall and sustain injuries.

This action was brought on October 31, 1972, within two years after the plaintiff's injury but approximately nine years after the manufacture and sale of the ladder.[1] The trial judge granted the defendants's motion for summary judgment on the ground that the statute of limitations barred both the warranty and negligence counts. The plaintiff then filed a notice of appeal. Since he has neither briefed nor argued the issue of the applicability of the statute of limitations (G. L. c. 106, § 2-725) to his claim of breach of warranty, the only issue on appeal is whether the applicable statute of limitations bars the plaintiff from recovery on the negligence counts. S.J.C. Rule 1:13, as amended, 366 Mass. 853 (1975). See *Fortune* v. *National Cash Register Co.*, 373 Mass. 96, 100 n.5 (1977). We hold that the action is not barred.

The relevant statute is G. L. c. 260, § 2A, inserted by St. 1948, c. 274, § 2. It reads as follows: "Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within two years next after the cause of action accrues."[2]

While the Legislature has established a time limit within which tort actions must be brought, it has left for judicial determination the time when "the cause of action accrues." See *Hendrickson* v. *Sears*, 365 Mass. 83, 88 (1974). In a product liability case, there are several possible dates on which

---

[1] The plaintiff originally commenced this action in contract and tort against the defendant Sears in the District Court of Lawrence. The defendant removed the action to the Superior Court in Essex County. The trial judge granted the plaintiff's motion to join White Metal as a party defendant and to amend his complaint.

[2] The Legislature subsequent to the commencement of this action amended c. 260, § 2A, increasing the limitation period from two to three years for causes of action arising on and after January 1, 1974. St. 1973, c. 777, §§ 1, 4.

the statute could begin to run: the time of manufacture, the time of sale, the date of the injury, and the date of the discovery of the injury. The prevailing rule in product liability cases predicated on a theory of negligence follows the rule in negligence cases generally — the cause of action accrues at the time of injury. L. Frumer & M. Friedman, Products Liability § 39.01 [2] (1977). 3 R. Hursh & H. Bailey, American Law of Products Liability § 17:9 (2d ed. 1975). 1 Prod. Liab. Rep. (CCH) par. 3400 (1977). Several courts of other jurisdictions, when construing statutes similar to G. L. c. 260, § 2A, have held that in strict liability or negligent design and manufacture cases the statute starts to run at the time of injury. See, e.g., *Hodge* v. *Service Mach. Co.*, 438 F.2d 347, 349-350 (6th Cir. 1971); *Crocker* v. *McCabe-Powers Auto Body Co.*, 321 F. Supp. 1154, 1155-1158 (E.D. Mich. 1970); *Giglio* v. *Connecticut Light & Power Co.*, 29 Conn. Supp. 302 (1971); *Rosenau* v. *New Brunswick*, 51 N.J. 130, 137-138 (1968); *Romano* v. *Westinghouse Elec. Co.*, 114 R.I. 451, 458-462 (1975); *Sims* v. *Southland Corp.*, 503 S.W.2d 660, 663 (Tex. Civ. App. 1973).

Relying on *Omni Flying Club, Inc.* v. *Cessna Aircraft Co.*, 366 Mass. 154 (1974), the defendants contend that the statutory period of limitations should be measured from the date of manufacture or, at the latest, from the date of sale of the ladder. *Omni* involved an action for property damage based on the defendant's negligent sale to the plaintiff of a negligently manufactured airplane. We viewed the cause of action involved in *Omni* as one not merely for negligent manufacture, but one for negligent sale, and hence held that the action was not barred by the statute of limitations incorporated in G. L. c. 260, § 2A. *Id.* at 158-159. *Omni* involved no claim for personal injury, but is not inconsistent with our views here. Indeed, since we declined to hold the date of negligent manufacture to be the relevant date, it appears consistent with our present posture. We viewed the time prescribed by the statute of limitations as commencing to run when the cause of action accrued on the date of the

negligent sale, a time which also can be viewed, in the circumstances of that case, as the date of injury. Cf. *Hodge* v. *Service Mach. Co., supra; White's Farm Dairy, Inc.* v. *DeLaval Separator Co.,* 433 F.2d 63, 67 (1st Cir. 1970).

A negligence action may not be maintained unless one has suffered injury or damage. *Sullivan* v. *Old Colony St. Ry.,* 200 Mass. 303, 308 (1908). 2 F. Harper & F. James, Torts § 25.1, at 1300 (1956). W. Prosser, Torts § 30, at 144 (4th ed. 1971). The plaintiff could not have maintained a negligence action for personal injury when the allegedly defective ladder was manufactured or purchased, because the negligent act alone was not actionable. A cause of action based on negligence requires that both negligence and harm be shown, with a causal connection between these two elements. *White* v. *Schnoebelen,* 91 N.H. 273, 274-275 (1941). It appears clear to us that the statute of limitations in a product liability case of this kind must run from the time of injury, not the time of manufacture or sale. To rule otherwise would be intrinsically unfair. Under the defendants' view, the plaintiff might be barred from bringing an action even before the facts arose on which he could assert a claim for relief. *Hodge* v. *Service Mach. Co., supra. Wolverine Ins. Co.* v. *Tower Iron Works, Inc.,* 370 F.2d 700, 704 (1st Cir. 1966). *White* v. *Schnoebelen, supra. Rosenau* v. *New Brunswick, supra. Sims* v. *Southland Corp., supra. Holifield* v. *Setco Indus., Inc.,* 42 Wis. 2d 750 (1969).

While a time-of-injury rule requires manufacturers and retailers to defend suits based on a product which they may have placed in the stream of commerce years ago, it remedies the injustice and illogic of barring the plaintiff's suit before the cause of action exists. Furthermore, although the manufacturer and retailer bear the burden of defending against these unavoidably delayed actions, the lapse of time will make it more difficult for the plaintiff to prove its case and overcome the consequences of intervening negligence. See *Wolverine Ins. Co.* v. *Tower Iron Works, Inc., supra* at 706 n.5; Restatement (Second) of Torts § 433 (c), Comment f (1965). Cf. *Alabama Great S. R.R.* v. *Allied Chem.*

*Corp.,* 467 F.2d 679, 683-684 (5th Cir. 1972) (statute of limitations bars action if plaintiff knew or should have known of defect in product prior to injury).

Application of the time-of-injury measure of accrual in product liability-negligence cases has the distinct advantage of paralleling the accrual of action rule in breach of warranty cases. We said in *Hendrickson* v. *Sears,* 365 Mass. 83, 85 (1974), "[t]hat limitation statutes should apply equally to similar facts regardless of the form of proceeding is intrinsically a sound proposition." The statute of limitations in a breach of warranty action brought under G. L. c. 106, § 2-318, as amended by St. 1974, c. 153, begins to run "after the date the injury and damage occurs."[3] See *Hoffman* v. *Howmedica, Inc.,* 373 Mass. 32 (1977). In such an action, the theory of recovery is different from that in negligence, but the plaintiff may be seeking compensation from the same defendants for identical injuries.

In medical malpractice cases, the cause of action also does not accrue under G. L. c. 260, § 4, until the time of injury. Unfortunately, the patient often does not discover the injury until the statutory period has expired. Although the legislative history of c. 260, § 4, compelled us to reject the "discovery" rule for medical malpractice actions, *Pasquale* v. *Chandler,* 350 Mass. 450 (1966), we were free in the area of legal malpractice to adopt a discovery rule for the negligent certification of a real estate title. See *Hendrickson* v. *Sears, supra.* See also *Friedman* v. *Jablonski,* 371 Mass. 482, 484-485 (1976) (cause of action in tort for deceit in sale of real estate accrues when buyer discovers or reasonably should have discovered the misrepresentation). In the view we have taken of this case, we need not consider the plaintiff's arguments that the discovery rule of *Hendrickson* v. *Sears, supra,* should be extended to product liability cases.

---

[3] The statute of limitations contained in § 2-318 would not apply, however, to the plaintiff's breach of warranty counts since the plaintiff's injuries occurred prior to the effective date of the amendments which added the limitations period. See St. 1973, c. 750; St. 1974, c. 153.

The judgment appealed from is vacated and the case is remanded to the Superior Court for further proceedings.

*So ordered.*