L. N. BERNECHE, INC. *vs.* RO JO COMPANY, INC.; O. R. COTE COM-PANY & another,[1] third-party defendants. April 28, 1981. The plaintiff (Berneche) in December 1973, finished building a gasoline station and automobile repair complex for the original defendant (RO JO). The original complaint, filed by Berneche on February 10, 1977, sought to recover a balance of $9,727.93 alleged to be due to it from RO JO on the construction contract which was for a total price of $295,647.89. RO JO had refused to pay this balance. On March 4, 1977, RO JO filed an answer and counterclaim, and on March 8, 1977, also a third-party complaint against O. R. Cote Company (Cote) and Joseph Rosenfeld, alleging that each of them had been engaged by Berneche (apparently as subcontractors), to perform services or supply material or equipment in constructing the complex. RO JO asserted that they had done so unskillfully and negligently with the consequences that gasoline escaped from vent pipes (causing damage to landscaping and loss of gasoline), the roof developed leaks, and the paved area began to settle and crumble. The third-party defendants each filed answers, denying negligence and each setting up (Cote by an amended answer) the defense of the statute of limitations which, prior to January 1, 1974, was two years. G. L. c. 260, §§ 2A (inserted by St. 1948, c. 274, § 2), and 2B (inserted by St. 1968, c. 612). See amendments of §§ 2A and 2B by St. 1973, c. 777, §§ 1, 2, 4, effective January 1, 1974, as to causes of action arising thereafter. *Cannon* v. *Sears, Roebuck & Co.*, 374 Mass. 739, 742-743 (1978). *Mansfield* v. *GAF Corp.*, 5 Mass. App. Ct. 551, 554-555 (1977).

On February 27, 1980, a "stipulation of dismissal as to [the] original action" was filed. Apparently Berneche and RO JO had settled the original action, which was dismissed on the same day.

Cote and Rosenfeld each filed a motion for summary judgment. These were allowed on April 11, 1980, by a judge of the Superior Court who filed a succinct, careful memorandum and order for judgment. He ruled that RO JO's third-party action was not properly initiated under Mass.R.Civ.P. 14, 365 Mass. 760 (1974), which confines such complaints to those against "a person who is or may be liable to him [here RO JO] for all or part of the plaintiff's [here Berneche's] claim against him." No negligence of either subcontractor of Berneche gave rise to liability derivative from Berneche's then settled claim against RO JO for the balance of the contract price nor was either subcontractor an indemnitor of RO JO. See 6 Wright & Miller, Federal Practice and Procedure § 1446, at 246-251 (1971); Smith & Zobel, Rules Practice § 14.7 (1974).

The trial judge did not abuse his discretion in stating that he would not allow amendment of the improperly brought third-party complaint so that RO JO could assert a direct claim against Cote and Rosenfeld. It was not shown that their alleged negligence should not reasonably have

---

[1] Joseph Rosenfeld.

been discovered before or when the work was completed. The affidavits of RO JO's president did not require belief that the alleged negligence of the subcontractors was "inherently unknowable" (see the *Mansfield* case, 5 Mass. App. Ct. at 554) when construction was finished in December of 1973. The judge reasonably could have been of the opinion ·that (a) claims by RO JO against Berneche's subcontractors for negligence in construction finished in December, 1973 (and improperly asserted by third-party complaint only in 1977), should have been disposed of in the settlement in February, 1980, between the only parties to the construction contract, RO JO and Berneche, and (b) that such claims should not be reasserted now by allowing by amendment direct actions against the sub-contractors. The trial judge's memorandum amply justifies his exercise of discretion to deny motions to amend when and if offered. See Mass.R.Civ.P. 15, 365 Mass. 761-762 (1974); Smith & Zobel, Rules Practice § 15.3 (1974 and 1980 supp. at 76). See also *Castellucci* v. *United States Fed. & Guar. Co.*, 372 Mass. 288, 291 n.2 (1977).

*Judgments affirmed.*

*Robert C. Capasso* for RO JO Company, Inc.
*Edward J. McDonough* for O. R. Cote Company.
*Charles W. Brids* for Joseph Rosenfeld.