JOSEPH A. FORTIN CONSTRUCTION, INC., & another[1] *vs.* MASSACHUSETTS HOUSING FINANCE AGENCY & others. November 9, 1983. *Massachusetts Housing Finance Agency. Limitations, Statute of.*

The plaintiffs, general contractors doing business as Fortin-Reliable Joint Venture Construction Co. (Fortin-Reliable), brought an action against the defendant Massachusetts Housing Finance Agency (MHFA) and two others, to recover an unsatisfied judgment against Beverly Homes, Inc. (Beverly), the insolvent owner of a MHFA financed housing development.

MHFA is a "body politic and corporate" established by St. 1966, c. 708, § 3, for the purpose of fostering the development of affordable housing for persons of low or moderate income. *Massachusetts Housing Finance Agency* v. *New England Merchants Natl. Bank,* 356 Mass. 202, 203 (1969). It is empowered, among other things, to provide low cost mortgage loans to qualified developers. *Salem Building Supply Co.* v. *J.B.L. Constr. Co.,* 10 Mass. App. Ct. 360, 362 (1980).

Fortin-Reliable alleged that MHFA negligently failed to comply with the provisions of St. 1971, c. 1030, which require that MHFA obtain certain assurances from developers of MHFA financed projects that payment will be made for all labor and materials provided. Fortin-Reliable contends that MHFA failed to require that Beverly furnish either a performance bond or an escrow fund. The complaint asserts that as a result of MHFA's negligence Fortin-Reliable was unable to collect on a judgment it had obtained against the now insolvent developer, Beverly. See *New England Concrete Pipe Corp.* v. *D/C Systems of New England, Inc.,* 495 F. Supp. 1334, 1340-1345 (D. Mass. 1980), vacated on other grounds, 658

---

[1] Reliable Homes, Inc.

F.2d 867 (1st Cir. 1981). See also, *Salem Building Supply Co.* v. *J.B.L. Constr. Co.*, 10 Mass. App. Ct. at 362.

MHFA moved for summary judgment under Mass.R.Civ.P. 56, 365 Mass. 824 (1974), on the ground that the action was barred under G. L. c. 260, § 2A, the statute of limitations governing actions in tort. The trial judge granted the motion and the plaintiffs appeal.

The relevant language of G.L. c. 260, § 2A, as amended by St. 1973, c. 777, § 1, reads as follows: "Except as otherwise provided, actions of tort . . . shall be commenced only within three years next after the cause of action accrues." Because § 2A fails to indicate when the statutory period begins to run, "that determination is for the court to make." *Olsen* v. *Bell Telephone Laboratories, Inc.*, 388 Mass. 171, 174 (1983), and cases cited.

The general rule in negligence actions is that a cause of action accrues at the time of injury. *Cannon* v. *Sears Roebuck & Co.*, 374 Mass. 739, 741 (1978). *White* v. *Peabody Constr. Co.*, 386 Mass. 121, 129 (1982). *Dinsky* v. *Framingham*, 386 Mass. 801, 803 (1982). *Frank Cooke, Inc.* v. *Hurwitz*, 10 Mass. App. Ct. 99 (1980). We therefore reject the claim that the plaintiff's cause of action accrued in November, 1976, the date of Beverly's termination of its contract with Fortin-Reliable.

Before an action based in negligence may be maintained, there is a requirement "that both negligence and harm be shown, with a causal connection between the two elements." *Cannon* v. *Sears Roebuck & Co.*, 374 Mass. at 741. At the time Beverly terminated the contract with Fortin-Reliable (on the grounds of default) the latter had not yet suffered any injury caused by MHFA's negligent omission.

It appears from the affidavits and exhibits submitted by the parties that Fortin-Reliable's cause of action against MHFA accrued in May, 1980, when its execution against Beverly was returned unsatisfied. This was the first time the plaintiff was harmed by MHFA's failure to require assurances of payment from Beverly. This was also the first time Fortin-Reliable could have maintained an action for labor and materials against a bond or escrow fund had they been provided.

On the limited issue raised by the MHFA, and without intimating that there may not be other grounds for summary judgment in favor of MHFA, we conclude that the trial judge was incorrect in ruling as matter of law that the three year statute of limitations had run. In view of our decision, we need not consider the plaintiffs' arguments that they should have been allowed to amend their complaint. However, if we were to consider that argument, we could be influenced by the liberal trend which favors the allowance of amendments. See *Castellucci* v. *United States Fid. & Guar. Co.*, 372 Mass. 288, 289 (1977).

The judgment appealed from is reversed and the case is remanded to the Superior Court for further proceedings in accordance with this opinion.

*So ordered.*

*Peter J. Gagne* for the plaintiffs.

*Barbara J. Rouse* (*Mark S. Swartz* with her) for Massachusetts Housing Finance Agency.