PAUL H. ALLEN vs. CHANCE MANUFACTURING COMPANY,
INC.

Suffolk.   April 7, 1986. — July 10, 1986.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, & O'CONNOR, JJ.

*Warranty. Uniform Commercial Code, Warranty.*

Discussion of the circumstances in which a plaintiff's conduct will bar his
right to recover on a personal injury claim based on the defendant
manufacturer's breach of an implied warranty. [33-36]

QUESTION OF LAW certified to the Supreme Judicial Court
by the United States District Court for the District of Massachu-
setts.

*Charles Kindregan* for the plaintiff.
*Joel F. Pierce (Mark D. Cahill* with him) for the defendant.

WILKINS, J. A judge of the United States District Court for
the District of Massachusetts has certified a question to this
court following a jury verdict for the plaintiff on a warranty
count in a personal injury action. See S.J.C. Rule 1:03, as
appearing in 382 Mass. 700 (1981). The judge states that the
answer to the question is important in passing on the defendant's
motion for a new trial. In support of its motion the defendant
asserted that the judge erred in not instructing the jury that
circumstances under which the plaintiff could have been found
to have used the defendant's product would have barred his
right to recover for breach of warranty.

We quote from the order of certification in which the judge
has set forth the facts which he states "are relevant to the
question certified and set out fully the nature of the controversy
in which the question arises." See S.J.C. Rule 1:03, § 3 (2).

"On July 16, 1978, the plaintiff was dismantling an amuse-
ment ride known as the 'Sky Diver', in the course of his

employment with Dean & Flynn Fiesta Shows. While his co-workers lifted the ride's motor, the plaintiff attempted to drive an assembly pin with a hammer through the motor's mounting holes. While he was doing so, the assembly pin's head fragmented. Pieces of metal flew into the plaintiff's eyes, and caused him injury. The assembly pin, hammer and all other components of the 'Sky Diver' were designed, manufactured and marketed by the defendant.

"At trial, the plaintiff introduced into evidence a manual distributed by the defendant to prospective customers. This manual pictured a man hammering the same type of pin that fragmented into the plaintiff's eyes. The pictured man was not wearing safety goggles. For its part, the defendant introduced evidence that safety goggles were available to the plaintiff through his employer and that the plaintiff had previously been struck in the arms by pin fragments that chipped off during his hammering."

The judge certified this question: "In a personal injury action based on breach of an implied warranty of merchantability, does the misuse defense apply to foreseeable uses of the product as well as to unforeseeable uses?" Citing *Back* v. *Wickes Corp.*, 375 Mass. 633 (1978), and *Correia* v. *Firestone Tire & Rubber Co.*, 388 Mass. 342 (1983), the judge stated in his order that "[t]he applicability of the misuse defense to foreseeable uses appears unsettled."

We are uncertain what the judge meant by his reference to the "misuse defense." The word "defense" suggests a matter of affirmative proof by which, if successful, a defendant could prevent liability. We are not aware, however, that we have used the words "misuse defense" in connection with warranty claims. We hope that a discussion of the circumstances under which a plaintiff's conduct will bar his right to recover for breach of warranty will assist the judge in deciding the defendant's motion for a new trial. In the process we shall describe the significance of foreseeability to proof of a warranty claim.

A warranty of merchantability that goods "are fit for the ordinary purposes for which such goods are used" is implied in a contract for their sale. G. L. c. 106, § 2-314 (*c*) (1984

ed.). The implied warranty of fitness includes uses which are reasonably foreseeable but does not include unforeseeable misuses of a product. *Back* v. *Wickes Corp., supra* at 640. "[A] manufacturer must anticipate the environment in which its product will be used, and it must design against the reasonably foreseeable risks attending the product's use in that setting." *Id.* at 640-641. Thus, to prove his case a plaintiff asserting a personal injury claim based on a breach of an implied warranty of merchantability must prove that at the time of his injury he was using the product in a manner that the defendant seller, manufacturer, or distributor reasonably could have foreseen. See *Correia* v. *Firestone Tire & Rubber Co., supra* at 357 n.15.

Quite apart from this element of a plaintiff's claim is a defendant's affirmative defense that the plaintiff is barred from recovery because (1) he violated a duty to act reasonably with respect to a product he knew to be defective and dangerous and (2) that conduct was a cause of the injury. *Id.* at 355-356 & n.12. A defendant making such a claim must prove that the plaintiff knew of the product's defect and its danger, that he proceeded voluntarily and unreasonably to use the product and that, as a result, he was injured. *Id.* at 355-357. Restatement (Second) of Torts § 402A comment n (1965). This defense differs from the traditional doctrine of assumption of the risk because it combines a subjective element, the plaintiff's actual knowledge and appreciation of the risk, with an objective standard, the reasonableness of his conduct in the face of the known danger. See *Zahrte* v. *Sturm, Ruger & Co.*, 203 Mont. 90, 93-94 (1983); *Johnson* v. *Clark Equip. Co.*, 274 Or. 403, 410 n.5 (1976). See also Keeton, Assumption of Products Risks, 19 Sw. L.J. 61, 67-69 (1965). Compare Restatement (Second) of Torts § 402A comment n (plaintiff "proceeds unreasonably to make use of the product") with *id.* §§ 496C, 496E (plaintiff need only encounter known risk voluntarily). This defense is significant, of course, only when there has been a foreseeable use of the defendant's product which, with other elements, established liability for breach of warranty.[1] See *Hughes* v. *Magic Chef, Inc.*, 288 N.W.2d 542, 545 (Iowa 1980).

---

[1] To say that the defense described in *Correia* v. *Firestone Tire & Rubber Co.*, 388 Mass. 342, 355-356 (1983), applies only when the plaintiff's use

If by "misuse defense" the judge meant the defense we have just described, the defendant's ability to foresee the plaintiff's voluntary, knowing, and unreasonable misuse of the product is irrelevant under our cases. Foreseeability of use is an element of the plaintiff's case and has nothing to do with the affirmative defense that the plaintiff's unreasonable conduct in the face of a known defect was a breach of duty that caused the injury. In so stating, we reject the suggestion that a defendant can be liable for breach of warranty of merchantability if the defendant should reasonably have foreseen that the plaintiff would *un- reasonably* and voluntarily use a product, knowing it to be

---

was not reasonably foreseeable would be to deny the existence of the defense. Where there is no foreseeable use, there is no liability. See *Heil Co.* v. *Grant,* 534 S.W.2d 916, 923 (Tex. Civ. App. 1976) (thrust of argument that use must be unforeseeable is that defense of unreasonable use in face of known danger should not be permitted in cases of strict liability for defective design of product). Cf. Twerski, Old Wine In a New Flask — Restructuring Assumption of Risk in the Products Liability Era, 60 Iowa L. Rev. 1, 24-25 (1974).

defective and dangerous.[2] We thus answer the question, as we
have construed it, in the affirmative.

---

[2] We also reject the statement in *Fahey* v. *Rockwell Graphic Syss., Inc.,*
20 Mass. App. Ct. 642, 652 n.13 (1985), that the *Correia* opinion "used
'unreasonable use' of a defective and dangerous product and 'unforeseeable
misuse' of such a product interchangeably." "Unreasonable use" concerns
the reasonableness of the plaintiff's alleged conduct. See *Ferragamo* v.
*Massachusetts Bay Transp. Auth.,* 395 Mass. 581, 592-593 (1985). See
also *Young* v. *Up-Right Scaffolds, Inc.,* 637 F.2d 810, 815 (D.C. Cir.
1980). "Unforeseeable misuse" concerns the question whether the defendant
could have reasonably foreseen that the plaintiff would misuse the product
in the way he did.

The distinction is made clear in *Perfection Paint & Color Co.* v. *Konduris,*
147 Ind. App. 106, 119 (1970), where the court discussed "misuse" of a
product in two aspects: "A legal description of those acts which constitute
a 'misuse' of a product has proven to be difficult to achieve. The problem
appears to us to be one of failing to differentiate between misuse of a
product which does not exhibit any defective condition until misused, or
which does not appear to be defective and unreasonably dangerous, and
misuse of a product when the defective and unreasonably dangerous condi-
tion is either discovered by the consumer or brought to his attention by a
legally sufficient warning. While in either situation a product is being
misused, the former constitutes the true category of misuse while the latter
form of misuse is tantamount to the traditional concepts of incurred or
assumed risk." See *Ellsworth* v. *Sherne Lingerie, Inc.,* 303 Md. 581, 597
(1985); *Suter* v. *San Angelo Foundry & Mach. Co.,* 81 N.J. 150, 159
(1979); *Johnson* v. *Clark Equip. Co.,* 274 Or. 403, 410 n.7 (1976).