Brassard, J.
This matter is before the court on the motion to dismiss of the defendant the Reading Municipal Light Department and the Reading Municipal Lighting Commission (together RMLD) for failure to state a claim under Mass.R.Civ.P. 12(b)(6). The plaintiff, Josephine Motta (Motta), filed this wrongful death action alleging negligence by RMLD relating to the *688 death other husband, Salvatore Motta (the decedent), who fell from a scaffolding on property owned and operated by the defendant. The defendant contends that these claims are barred because it is a public employer and Motta did not comply with the presentment requirement of G.L.c. 258. Motta alleges in her complaint that the defendant is not a public employer under G.L.c. 258, § 1. For the reasons set forth below, the defendant’s motion to dismiss is ALLOWED.
BACKGROUND
Motta alleges that on or about October 12, 1993, the decedent fell from a scaffolding of RMLD’s building at 230 Ash Street, Reading, while repairing a plum line. The decedent died the same day at Massachusetts General Hospital from his injuries sustained due to the fall (the accident). According to Motta, the scaffolding from which the decedent fell was negligently maintained. RMLD had awarded Major Construction Management Corp. (Major) a general contract and masonry subcontract to construct a building at 230 Ash Street. Prima Masonry employees actually performed the masonry subcontract work in order to allow Major to fulfill its masonry subcontract obligations to RMLD. Motta also alleges that RMLD was negligent in awarding the masonry subcontract to Major because Major was not qualified to do masonry work.
At no time did Motta send a letter of presentment to the defendant. On October 10,1995, Motta filed this action to recover for the decedent’s death. The two-year time limit to fulfill the G.L. 258 presentment requirement, which began to run from the date of the accident, expired on October 12, 1995.
DISCUSSION
When evaluating the sufficiency of a complaint in the context of a Mass.R.Civ.P. 12(b)(6) motion, the court must accept as true the factual allegations of the complaint as well as any inferences in the plaintiffs favor that can be drawn therefrom. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991); Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991) (all inferences should be drawn in the plaintiffs favor, and the complaint “is to be construed so as to do substantial justice . . .”). Plaintiffs complaint should not be dismissed for failure to state a claim ’’unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Nader v. Citron, 372 Mass. 96, 98 (1977) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). “A complaint is not subject to dismissal if it could support relief on any theory of law” (emphasis in the original). Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
G.L.c. 258 was enacted as an exception to the sovereign immunity doctrine, which precludes suits against the state, municipalities or their agencies without their consent. G.L.c. 258, §4,[3] which courts have strictly enforced, requires presentment, in order for claims to be brought under the Massachusetts Torts Claims Act. See, e.g., Fearon v. Commonwealth, 394 Mass. 50, 53 (1985); George v. Town of Saugus, 394 Mass. 40, 41-42 (1985); Weaver v. Commonwealth, 387 Mass. 43, 48-49 (1982). G.L.c. 258 applies to “public employers,” which are defined in G.L.c. 258, §1, recently amended, effective July 1, 1993; “the commonwealth and any county, cify, town, educational collaborative or district. . . including a municipal gas or electric plant, department, board and commission . . . but not a private contractor with any such public employer ... or any other independent body politic and corporate.”
The complaint does not allege that presentment was made in this case. The issues presented are whether the plaintiffs claims accrued before lighting commis> sions were specifically included as public employers under the 1993 amendment to G.L.c. 258, §1 and whether the private entity language of St. 1908, c. 369,[4] a special law, controls its status under the general law, G.L.c. 258. The defendant contends that it is a public employer under G.L.c. 258, §1, which was amended, effective July 1, 1993, to include “electric plant[s], department[s], board[s] and commission[s],” three months before the accident, when Motta’s claim accrued. Motta contends that, as she alleges RMLD’s negligence in awarding its masonry subcontract to Major which award occurred before the accident, her cause of action accrued before the 1993 amendment to G.L.c. 258, §1, such that the presentment requirement does not apply to her claims. Motta also contends that the language in St. 1908, c. 369, a special law, renders RMLD an independent body politic and corporate, and that that language and status are not superseded by the 1993 amendment to G.L.c. 258, a general law.
In this case, Motta’s claims relating to the accident on October 12, 1993 are barred because no presentment was made and Motta’s claim accrued after RMLD was established as a public employer under the 1993 amendment to G.L.c. 258, §1. The amendment of G.L.c. 258, §1 to include municipal light commissions as public employers overrides any language in St. 1908, c. 369 which might suggest that RMLD is an independent body politic and corporate, and thus not a public employer.
First, Motta’s contention that her claims accrued when RMLD allegedly negligently awarded its masonry subcontract to Major has no merit. Negligence claims require evidence of personal injury or property damage. Cannon v. Sears Roebeck & Co., Inc., 374 Mass. 739, 742 (1978). In this case, as there was no evidence of injury prior to the accident, Motta’s claims accrued on that date, October 12, 1993, after the 1993 amendment to include municipal light commissions became effective. See Cannon, supra. Motta’s claims against RMLD must therefore be dismissed because she did *689 not fulfill the G.L.c. 258 presentment requirement with regard to those claims.
Second, Motta’s contention that the language in St. 1908, c. 369 precludes RMLD from being a G.L.c. 258 public employer under the test for public employers in Kargman v. Boston Water & Sewer Comm’n, 18 Mass.App.Ct. 51 (1984), is also not persuasive. Due to the application of the 1993 amendment to G.L.c. 258, §1 to this case, the Kargman test does not control the outcome here. The clear language of the 1993 amendment to G.L.c. 258 to include “electric plant[s], department[s], board[s] and commission(s)” as public employers is sufficient to supersede any language in older special laws pertaining to RMLD. See Marshal House, Inc. v. Rent Control Bd. of Brookline, 358 Mass. 686, 698 (1971) (“strong terms are required to show a legislative intent to supersede by a general act a special act”) (citations omitted). In any event, even under the Kargman test and prior to the 1993 amendment to G.L.c. 258, this court has ruled that a múnic-ipal light department constitutes a public employer. See “Memorandum of Decision on Defendant’s Motion for Partial Summary Judgment” in Conley v. Braintree Electric Light Department, Norfolk C.A. No. 88-727, December 2, 1991 (Stearns, J.). Although the language in St. 1908, c. 369, §2 provides, for the purpose of franchise rights regarding service, that RMLD be treated “in accordance with existing laws governing a private person, firm or corporation,” RMLD’s enabling act, St. 1891, c. 370, does not confer the requisite independence upon RMLD. That statute provides that RMLD be created by vote of its city council and operate under the supervision of the Town of Reading through an officer appointed by the selectmen of the town. The statute states that the selectmen may also remove such officer. St. 1891, c. 370 further provides that the price charged for electricity be subject to the approval of town officials. In Conley, supra, this court found that an entity displaying like characteristics is not autonomous, and concluded that a municipal light commission is a public employer and not an independent body politic and corporate under Kargman.
Therefore, because RMLD constitutes a public employer under the applicable, “strong” language of the 1993 amendment to G.L.c. 258, and because RMLD is not an independent body politic and corporate under G.L.c. 258, §1, for both these reasons, Motta’s claims against RMLD must be dismissed because she failed to fulfill the G.L.c. 258 presentment required for those claims.
ORDER
For the foregoing reasons, it is hereby ORDERED that the motion to dismiss of the defendant the Reading Municipal Light Department and the Reading Municipal Lighting Commission is ALLOWED.

G.L.c. 258, §4 provides, in relevant part:
A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . .

St. 1908, c. 369, §2, which addresses RMLD’s franchise rights regarding service provides, in relevant part:
The town of Reading, before constructing any mains, poles, wires or other distributing apparatus . . . shall obtain from the respective selectmen thereof written locations therefor, in accordance with existing laws governing a private person, firm or corporation engaged in the business of selling electricity for light, heat or power, and shall therefore have and enjoy the same rights and franchises respecting such sale and distribution of electricity for light, heat or power, and the extension of its plant therefor, and shall be subject to the same limitations and obligations in the exercise of such rights and franchises, as ¡fit were a private person, firm or corporation. (Emphasis added.)