**CIGNA INSURANCE COMPANY, as subrogee of Waltham Racquet Club, Inc., Plaintiff,**

v.

**OY SAUNATEC, LTD., a/k/a Helo Factories, Limited, now known as Saunatec, PLC, Defendant.**

No. Civ.A. 97–11787–PBS.

United States District Court, D. Massachusetts.

July 15, 1999.

Elliott R. Feldman, Cozen & O'Connor, The Atrium, Philadelphia, PA, Roy P. Giarrusso, Giarrusso, Norton, Cooley & McGlone, P.C., Quincy, MA, William N. Clark, Jr., Philadelphia, PA, for plaintiff.

Todd D. White, Adler, Pollock & Sheehan, Inc., Providence, RI, for Helo Enterprises.

F. Jay Flynn, Jr., McNamara, DeSimone & Flynn, PA, Boston, MA, John F. Rooney, Melick & Porter, Boston, MA, for H.B.C. Enterprises.

Mitchell Katzman, Law Offices of F.J. McDonald, Boston, MA, for Saunatec, Inc.

Walter E. Judge, Jr., Robert D. Rachlin, Eric A. Poehlmann, Downs, Rachlin & Martin, Burlington, VT, for Oy Saunatec, Inc. and Helo Factories Ltd.

### ORDER RE: DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, MOTION FOR NEW TRIAL (DOCKET 119)

SARIS, District Judge.

Defendant has filed a renewed motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b) or, in the alternative, a motion for a new trial pursuant to Fed. R.Civ.P. 59. The Court **DENIES** the motion (Docket No. 119).

The primary argument is that the plaintiff's claims for negligence and breach of warranty are barred by the three-year statutes of limitations applicable to negligence and tort-based warranty claims. *See* Mass.Gen.L. ch. 260, § 2A ("[A]ctions of tort . . . shall be commenced only within three years next after the cause of action accrues."); *id.* ch. 106, § 2–318 ("All actions under this section shall be commenced within three years next after the date the injury and damage occurs.").

As background, the case arises out of a fire that occurred at the Waltham Racquet Club on March 18, 1997, as a result of the careless placement of a towel or other fabric on the rocks contained within the sauna heater. Defendant manufactured the sauna heater in 1974. A jury found that the heater had been negligently designed because of a failure to supply it with a guard or grille. Earlier, between 1978 and 1988, the Waltham Racquet Club had experienced a fire in the same sauna room, caused by a similar careless act. The evidence concerning the timing and precise circumstances of the first fire was sparse.

Because the defendant prevailed before the jury on its defense of unreasonable use, thereby barring the claim of breach of warranty, only the claim of negligence remains viable. Therefore, the key question is when the cause of action for negligence accrued. The defendant manufacturer argues that the Waltham Racquet Club reasonably should have discovered the negligent design of the sauna heater at the latest by the time of the first fire. Plaintiff counters that the first fire did not trigger the running of the statute of limitations except with respect to the harm and damages suffered as a result of the first fire.

"A negligence action may not be maintained unless one has suffered injury or damage." *Cannon v. Sears, Roebuck & Co.*, 374 Mass. 739, 742, 374 N.E.2d 582 (1978) (holding in a personal injury case that a cause of action based on negligent manufacture of a ladder "requires that both negligence and harm be shown, with a causal connection between these two elements"). In other contexts, courts have held that "[t]he plaintiff receives notice, and the statutory period begins to run, when the plaintiff knows or reasonably should have known that it sustained appreciable harm as a result of the defendant's negligence." *International Mobiles Corp. v. Corroon & Black / Fairfield & Ellis, Inc.*, 29 Mass.App.Ct. 215, 218, 560 N.E.2d 122 (1990) (involving a negligence claim against an insurance broker who failed to procure the insurance policy); *see also Levin v. Berley*, 728 F.2d 551, 553 (1st Cir.1984) (holding in a legal malpractice action that, under Massachusetts law, a cause of action does not accrue upon discovery of negligence in the absence of appreciable harm); *Wolverine Ins. Co. v. Tower Iron Works, Inc.*, 370 F.2d 700, 704 (1st Cir.1966) (holding that a claim for negligent design of a swimming pool did not accrue at the time the pool was install-

ed, although the landowner was then exposed to potential liability.)

Mere knowledge that the defendant negligently failed to provide the sauna with the protective grille would not have been sufficient to trigger the running of the statute of limitations on a negligent design claim because "authorities are chary of treating the threat of future harm without realization of some tangible harm, like out-of-pocket payments, as the basis for concluding that damage has occurred and the cause of action has accrued." *International Mobiles Corp.*, 29 Mass.App. Ct. at 219, 560 N.E.2d 122.

Although the Massachusetts courts have recognized that a time-of-injury rule requires manufacturers to defend suits based on a product placed in the stream of commerce years before and places on them the onerous burden of defending against these unavoidably geriatric actions, they point out that "the lapse of time will make it more difficult for the plaintiff to prove its case and overcome the consequences of intervening negligence." *Cannon*, 374 Mass. at 742, 374 N.E.2d 582; *see also* Restatement (Second) of Torts § 433(c) cmt. f (1965) (noting that "where a great length of time has elapsed between the actor's negligence and harm to another, a great number of contributing factors may have operated," such that "the effect of the actor's conduct may ... be insignificant and unsubstantial as compared to the aggregate of the other factors which have contributed"). That is precisely what happened here. Defendant prevailed on the unreasonable use of a known defective product defense so as to bar the breach of warranty claim, and the jury determined that the health club was comparatively negligent so as to reduce the damages. Defendant laments that this accrual approach will result in 101 lawsuits for 101 fires. The flaw in defendant's argument is that it conflates the test for accrual of a cause of action with the tests for the unreasonable use and comparative negligence defenses. Each fire would constitute an actionable injury, but after the first successful lawsuit, these defenses would cut off future claims.

The other grounds for this motion are without merit and will be addressed only briefly. Defendant objects that it had no post-sale duty to inform purchasers of subsequent safety improvements to the sauna. The Court instructed the jury that it could only find breach of duty if it had first found negligent design, which it did. *See Williams v. Monarch Mach. Tool Co.*, 26 F.3d 228, 231–32 (1st Cir.1994) ("[A] duty to warn of post-sale safety improvements 'may' exist where the machine as originally sold was of 'negligent design.'" (quoting *doCanto v. Ametek, Inc.*, 367 Mass. 776, 781–82, 328 N.E.2d 873 (1975))). In any event, because the negligent design claim is not time-barred, this issue is moot.

Next, defendant argues that a new trial is warranted because plaintiff was unable to establish proximate cause. As the Court instructed the jury, all that Cigna had to prove was that the absence of a guard played a direct and substantial role in causing the fire. The expert's testimony, together with the videos of his drape tests, adequately supports such a finding.

Finally, defendant asserts that the Court erred in declining to charge the jury with respect to the affirmative defense of misuse. Saunatec is misconstruing the misuse defense. Absent evidence that Waltham Racquet Club was using the sauna heater in a way other than what was intended, there is no misuse, and a misuse instruction would be improper. *See Back v. Wickes Corp.*, 375 Mass. 633, 638, 378 N.E.2d 964 (1978) (holding that, where there is no evidence of misuse, a misuse instruction is "superfluous and misleading" and should be "omitted"); *see also Cocco v. Deluxe Sys. Inc.*, 25 Mass.App.Ct. 151, 157, 516 N.E.2d 1171 (1987) (holding that no misuse instruction was warranted because there was no evidence of misuse when the plaintiff foreseeably used his hands to clear an industrial shredder of a

jam). Saunatec confuses misuse with unreasonable use. *See Allen v. Chance Mfg. Co.*, 398 Mass. 32, 36 n. 2, 494 N.E.2d 1324 (1986) (discussing the difference). As an example, using a car battery to power a radio might constitute misuse, whereas driving the car with the knowledge that the engine was faulty would constitute unreasonable use. Here, the Club was not using the sauna heater to grill steaks, but rather was using it as intended to warm the sauna for patrons.