Houston, J.

INTRODUCTION

Plaintiff Ian Cramphorn filed the underlying complaint alleging negligence (Count I); breach of contract (Count II); breach of warranty (Count III); negligent design and installation of an alarm system (Count IV); and negligent failure to warn or instruct alarm system users (Count V). Plaintiff Teresa Cramphorn alleges loss of consortium (Count VI). The defendant now moves for summary judgment on all counts of the plaintiffs’ complaint. For the following reasons, defendant’s motion for summary judgment is DENIED.

FACTS

On July 31, 1991, ADT entered into a commercial sales proposal/agreement (agreement) for the instal *346 lation, monitoring, and maintenance of a fire alarm system with ICI Resins-USA, Inc. a/k/a Zeneca Resins, Inc. (Zeneca). The following phrase appears above the signature line, on the front side of each page of the agreement: “ATTENTION IS DIRECTED TO THE WARRANTY, LIMIT OF LIABILITY AND OTHER CONDITIONS ON THE REVERSE SIDE.” (Defendant’s Ex. 1.) The reverse side of each page of the agreement provides, in paragraph E, that: “NO SUIT OR ACTION SHALL BE BROUGHT AGAINST ADT MORE THAN ONE (1) YEAR AFTER THE ACCRUAL OF THE CAUSE OF ACTION THEREFOR.” (Defendant’s Ex. 1.) This paragraph further provides that the provisions of paragraph E “SHALL APPLY IF LOSS, DAMAGE OR INJURY, IRRESPECTIVE OF CAUSE OR ORIGIN, RESULTS DIRECTLY OR INDIRECTLY TO PERSON OR PROPERTY FROM PERFORMANCE OR NONPERFORMANCE OF OBLIGATIONS IMPOSED BY THIS CONTRACT OR FROM NEGLIGENCE, ACTIVE OR OTHERWISE, OF ADT, ITS AGENTS OR EMPLOYEES." (Defendant’s Ex. 1.)
On or about August 6, 1993, plaintifflan Cramphorn, a Zeneca employee, was on the Zeneca premises at 730 Main Street in Wilmington. The plaintiffs allege that the temperature in a catalyst storage shed on Zeneca’s property exceeded the limit at which peroxides could safely be stored. As a result, the peroxides became vaporized and Zeneca evacuated the premises. Plaintiffs contend that during the evacuation, Mr. Cramphorn inhaled toxic vapors which caused him harm.
On or about August 5, 1996, three years after Mr. Cramphorn’s alleged injuries, plaintiffs commenced this suit against a different defendant, Eugene T. Sullivan, Inc. On or about November 24, 1998, five years after Mr. Cramphorn’s alleged injuries, plaintiffs filed their amended complaint, substituting ADT for Eugene T. Sullivan, Inc.

DISCUSSION

This Court grants summary judgment where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17. A party moving for summary judgment who does not carry the burden of proof at trial can prevail by either submitting affirmative evidence negating an essential element of the burdened party’s case or by demonstrating that proof of an element is unlikely to be forthcoming at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991); Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
Based on the evidence in the summary judgment record, the following timeline applies to the facts of this case: Mr. Cramphorn received his injuries on August 6, 1993; the plaintiffs filed this action on August 5, 1996; and the plaintiffs learned of ADT’s alleged liability in April of 1997. On November 24, 1998, the court allowed the plaintiffs’ motion to amend their complaint, naming ADT as the defendant.
The defendant argues that plaintiffs’ claims are contractually barred because the plaintiffs brought this action against ADT more than one year after their claims accrued. The plaintiffs contend that the discovery rule and relation back doctrine apply to this action, thereby precluding summary judgment. This Court finds that it would be intrinsically unfair to find that the plaintiffs’ claims were barred before the plaintiffs knew or should have known the facts giving rise to the underlying cause of action. See Cannon v. Sears, Roebuck & Co., 374 Mass. 739, 742 (1978) (reasoning that barring plaintiffs suit before cause of action exists is illogical and an injustice); Hendrickson v. Sears, 365 Mass. 83, 89 (1974) (cause of action accrues on happening of an event likely to put plaintiff on notice). The plaintiffs had notice of ADT's alleged breach in April of 1997, and therefore, the plaintiffs timely filed their claims against ADT.

ORDER

It is hereby ORDERED that defendant’s motion for summary judgment be and hereby is DENIED.