ARTHUR TELLER *vs.* CHARLES L. SCHEPENS.

Suffolk. May 8, 1980. — October 9, 1980.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Limitations, Statute of. Medical Malpractice,* Statute of limitations. *Negligence,* Doctor.

A medical malpractice action commenced on June 27, 1979, against a surgeon who operated on the plaintiff's left eye on April 15, April 21, and May 10, 1976, should not have been summarily dismissed on the ground that the statute of limitations started to run on the date of the third operation where the plaintiff alleged he was not aware of the defendant's negligence until his discharge from the defendant's care on June 29, 1976. [622-623]

CIVIL ACTION commenced in the Superior Court Department on June 27, 1979.

The case was heard by *Young, J.,* on a motion for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*Ansel B. Chaplin* for the plaintiff.

*Kenneth D. Weiss* for the defendant.

HENNESSEY, C.J. This is the second case we decide today in which a plaintiff's claim of medical malpractice was held barred by the statute of limitations[1] as construed in *Pasquale* v. *Chandler,* 350 Mass. 450 (1966). In *Franklin* v. *Albert, ante* 611 (1980), we overruled *Pasquale* and held that a cause of action for medical malpractice does not accrue until the plaintiff learns, or reasonably should have

---

[1] General Laws c. 260, § 4, as amended through St. 1973, c. 777, § 3, provides in pertinent part: "Actions of contract or tort for malpractice, error or mistake against physicians, surgeons, . . . shall be commenced only within three years next after the cause of action accrues."

learned, that he has been harmed as a result of the defendant's conduct. The plaintiff Teller's claim must be examined in light of this holding.

According to the complaint and affidavit, the plaintiff suffered a total loss of sight in his right eye and substantial impairment of vision in his left eye as a result of a December, 1975, gunshot wound. On April 2, 1976, he was seen by the defendant, an eye surgeon, who recommended surgery and then performed three operations on the plaintiff's left eye on April 15, April 21, and May 10, 1976. The plaintiff did not visit the defendant again until his discharge from the defendant's care on June 29, 1976. On that date the defendant told the plaintiff that nothing could be done to restore his eyesight, and that he would have to learn to live without being able to see. The plaintiff alleges that it was not until then that he became aware that he had sustained a permanent loss of vision in his left eye.

The plaintiff commenced this action for alleged medical malpractice on June 27, 1979, just short of three years after the June 29, 1976, date of discharge, and three years and seven weeks after the date of the third operation. In his complaint, the plaintiff set forth particular allegations of negligence, including the defendant's recommendation that the plaintiff undergo eye surgery, his failure to inform the plaintiff of the risks associated with surgery, and the close timing of the three operations which did not allow for recovery from each preceding operation nor from the trauma of the gunshot wound. A Superior Court judge allowed the defendant's motion to dismiss, which was treated as a motion for summary judgment, on the ground that the statute of limitations started to run on the date of the third operation, the last act of negligence alleged by the plaintiff.[2] This court allowed the plaintiff's application for direct appellate review.

---

[2] In his order, the judge noted that, despite persuasive arguments favoring a discovery rule, he was bound by the *Pasquale* "time of the negligent act" rule.

The determinative event applied by the Superior Court judge, although correct under *Pasquale,* is no longer the proper time of accrual of a medical malpractice action. *Franklin* v. *Albert, supra.* The relevant date is when the plaintiff learned or reasonably should have learned of his harm and its cause. *Id.* Once the defendant raises the statute of limitations as a defense, the plaintiff bears the burden of proving his claim is not barred by the statute. We cannot say that, as a matter of law, the plaintiff should have learned of the failure of the eye operations and his permanent loss of sight before he was discharged from the defendant's care on June 29, 1976. We therefore reverse the granting of summary judgment for the defendant and remand the case to the Superior Court.

*So ordered.*