Lenk, J.
Plaintiffs Bruce Myers and Carol Ann Myers (the “Myers”) have brought this action alleging negligence and breach of contract on the part of John R. Andrews, III (“Andrews”) in the performance of his professional services. This action is currently before the court on Andrews’s motion for summary judgment pursuant to Mass.R.Civ.P. 56. For the reasons outlined below, defendant Andrews’s motion is ALLOWED.
BACKGROUND
The undisputed facts are as follows:
In April of 1981, the Myers purchased a piece of property (“the property”) at 118 Southeast Main Street in Douglas from Michael Keating. Prior to purchasing the property, the Myers hired attorney James W. Agoritsas to perform a title search. The search showed that Keating held valid title to the entire 4.89-acre parcel.
In March of 1983, the Myers hired defendant Andrews for the first time to design a septic system for the Myers’ property. In preparing the plan for the septic system, Andrews apparently relied on a 1969 survey document which had been prepared by his father, John R. Andrews, Jr., for the benefit of a prior owner. He did not perform an independent survey at that time. The Myers have alleged that the survey was flawed and that Andrews knew his father’s survey was inaccurate at the time he used it. There is a certain amount of dispute concerning whether or not Andrews bought his father’s business, but the resolution of this dispute has no effect on the outcome of this motion.
In August of 1985, the Myers received a letter from attorney Don J. Virostek alleging that a portion of the *249 property actually belonged to a neighboring landowner, James Anderson.
In May of 1986, the Myers again hired Andrews, this time to set a benchmark for the septic system during its installation. Again, Andrews did not perform a new survey of the property, but relied on earlier surveys. The Myers’ septic system was certified as complete on May 19, 1986.
On January 21, 1987, Carol Ann Myers wrote a letter to the Board of Registration of Professional Engineers and Land Surveyors (the “Engineering Board”) alleging that Andrews had known about the faulty survey but did nothing to inform them of the survey errors. According to the letter, Andrews had offered Anderson some cash and services to attempt to get the Myers good title to the land, but Anderson was unreceptive to this offer. Most significantly, Ms. Myers wrote that they “intend to sue the Andrews firm for our financial and emotional losses.” On January 27, 1987, Ms. Myers filed a formal complaint against Andrews. On April 21, 1987, the engineering board wrote to Ms. Myers stating that the board had found no violation of its rules or regulations.
On August 20, 1987, David A. Tiberii, the Myers’ attorney, hired Andrews to perform a tape survey of the property so that the Myers could obtain a mortgage on the property. According to Andrews’s affidavit, Tiberii requested that the tape survey be based solely on documents provided by Tiberii. The resulting tape survey was essentially identical to the 1969 survey. The tape survey included the following disclaimer: “This plan is not to be used to establish property lines. For bank mortgage purposes only.”
According to the Myers’ affidavits, Andrews had assured them that if there was any problem with the title to their land, it involved a very small piece of property. Subsequently, the Myers filed suit in Worcester Superior Court to quiet title to the property. The court, however, ultimately held that Anderson had better title to the disputed property (the “adverse judgment”). The portion of the land ultimately awarded to Anderson was much larger than the portion that Andrews had predicted was in question. On April 7, 1993, the Myers instituted this present action.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving parly is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and (further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “Acomplete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
Defendant Andrews has moved for summary judgment arguing, inter alia, that the claims against him are barred by the statute of limitations. A three-year statute is applicable pursuant to G.L.c. 260, §2B. As a preliminary matter, “(o]nce the defendant pleads the statute of limitations as a defense . . . and establishes that the action was brought more than three years from the date of the injury, the burden of proving facts that take the case outside the impact of the statute falls to the plaintiff.” Riley v. Presnell, 409 Mass. 239, 243-44 (1991) (citing Franklin v. Albert, 381 Mass. 611, 619 (1980)). See also Pederson v. Time, Inc., 404 Mass. 14, 17, n.8 (1989); Teller v. Schepens, 381 Mass. 621, 623 (1980); Friedman v. Jablonski, 371 Mass. 482, 487 (1976). The present action was instituted on April 7, 1993; therefore, if the plaintiffs’ cause of action accrued before April 7, 1990, it will be time-barred.
Massachusetts courts adhere to the settled common law principle that a cause of action in tort accrues at the time the plaintiff is injured. Joseph A. Fortin Constr., Inc. v. Massachusetts Hous. Fin. Agency, 392 Mass. 440, 442 (1984). See also, Dinsky v. Framingham, 386 Mass. 801, 803 (1982); White v. Peabody Construction Co., 386 Mass. 121, 129 (1982); Cannon v. Sears, Roebuck & Co., 374 Mass. 739, 741 (1978).
The plaintiffs have argued that, until the adverse judgment was rendered against them, they had not suffered an actual injury, or alternatively, that they had no way of knowing the full extent of their injury. Both of these arguments are unavailing. “The Legislature has not defined when a cause of action accrues for purposes of the statute of limitations. That determination . . . ‘has long been the product of judicial interpretation in this Commonwealth.’ ” Riley v. Presnell, 409 Mass. 239, 243 (1991) (citing Franklin v. Albert, 381 Mass. 611, 617 (1980)).
If the plaintiffs were injured by Andrews’s acts (or omissions) such injuries arose at the time of Andrew’s alleged negligence. Specifically, the plaintiffs could have been injured at the time Andrews performed work for them. The last such occurrence was in August of 1987, a date clearly outside of the limitations period.
Plaintiffs’ argument that their cause of action did not accrue until they discovered the full extent of their injuries is similarly unavailing. It is well-settled that “(o]ne need not appreciate the full extent or nature of an injury in order for a cause of action to accrue.” Riley v. Presnell, supra at 243 (citing Olsen v. Bell Telephone *250 Laboratories, Inc., 388 Mass. 171 (1983)). See also, Bowen v. Eli Lilly & Co., 408 Mass. 204, 207 (1990). The plaintiff in a tort action is injured when he or she suffers any cognizable injury; that the injury later becomes more pervasive or more permanent is irrelevant in determining when the cause of action accrues. See, e.g., Town of Mansfield v. GAF Corp., 5 Mass.App.Ct. 551, 555 (1977); Olsen v. Bell Telephone Laboratories, Inc., supra at 175. Clearly, as noted above, plaintiffs had suffered injury by August of 1987 at the latest.
Plaintiffs next argue that the court should apply the “discovery rule” and toll the statute of limitations until the point in time when the plaintiffs knew or should have known of their injury. Specifically, plaintiffs argue that they could not have known of their injuries until the court’s adverse decision concerning the ownership of the disputed property was rendered. In support of this argument, plaintiffs claim that the defendant’s own assertions made their claim inherently unknowable. Under Massachusetts’ discovery rule, “certain causes of action based on inherently unknowable wrongs do not accrue until the plaintiff learns, or reasonably should have learned, that he has been harmed by the defendant’s conduct.” White v. Peabody Construction Co., Inc., 386 Mass. 121, 129 (1982).
Plaintiffs’ arguments concerning the discovery rule, however, are both legally and factually unsupportable. As a practical matter it is irrelevant in this instance what the plaintiff should have known, since what they actually knew was sufficient to start the running of the statute. ‘The ‘notice’ required is not notice of every fact which must eventually be proved in support of the claim.” White, supra at 130. The letter from the plaintiffs to the emergency board, dated January 21, 1987, outlined essentially all of the acts which make up the plaintiffs’ complaint against Andrews. Clearly, then, the statute had begun to run by January 21, 1987 at the latest.
Moreover, Massachusetts case law imposes a duty of inquiry upon a potential plaintiff as soon as the injured party has “[Reasonable notice that a particular product or a particular act of another person may have been a cause of harm to [the] plaintiff. . .” Bowen v. Eli Lilly & Co., supra at 210. See also Malapanis v. Shirazi, 21 Mass.App.Ct. 378, 386 (1986) (“We conclude that the plaintiff had been pointed toward the relationship between his harm and the [defendant’s] action to a degree sufficient to stimulate further inquiry. If it were otherwise, total understanding of the causal connection would be necessary to accrual of the cause of action and the limitations period would never run.”); Fidler v. Eastman Kodak Co., 714 F.2d 192, 199 (1st Cir. 1983) ("Thus on notice, the potential litigant has the duty to discover from the legal, scientific, and medical communities whether the theory of causation is supportable and whether it supports a legal claim. Thus, on notice, his cause of action is no longer inher entlyunknowable. ”).
The plaintiffs in the present case knew that they had been injured by Andrews’s actions by January 21, 1987 at the very latest. Thus on notice, the plaintiffs had a duty to discover whether Andrews’s actions could be the basis of a legal claim. Having failed to do so, the limitations period was not tolled. See, Bowen, supra, at 206-09 (and cases cited therein) (holding that statute of limitations had began to run even though plaintiffs mother had been told that defendants’ action were “certainly not the sole cause” of plaintiffs injury).
Having determined that summary judgment is appropriate based on the statute of limitations, the court need not address the other arguments raised in Andrews’s motion for summary judgment.[1]
ORDER
For the reasons outlined above, defendant Andrews's motion for summary judgment is ALLOWED.

 Nor will the court consider any arguments raised in the defendant’s “Reply to Plaintiffs’ Opposition To Motion For Summary Judgment” as it was filed without prior permission of the court in violation of Superior Court Rule 9A.