Donohue, J.
This matter comes before the court on defendants[3] Edward Renaud, Jr. and Marc Cote’s (collectively, the “Defendants”) motion for judgment notwithstanding the verdict. On February 12, 1997, a jury returned a verdict in favor of the plaintiffs, Kenneth Hehir, William Dennehy, Roy Cullinan, Gerald Blain, Jr., and Richard Keith, trustees of Treasure Island Condominium Trust (collectively, the “Trustees”) on negligence and breach of warranty claims.[4] The Defendants now seek judgment notwithstanding the verdict on these counts on the basis that the verdicts were 1) contrary to the evidence, 2) based on claims that could not be asserted by the Trustees and 3) barred by the statute of limitations. For the reasons stated below, the Defendants’ motion is DENIED.
BACKGROUND
The Trustees’ complaint is based upon the actions of the Defendants in developing, building, marketing and selling 33 condominiums on approximately 32 acres of land in Webster, Massachusetts. The finished condominiums, including the common areas, had several building defects which the Trustees maintained, among other claims made by the Trustees, were a result of the Defendants’ negligence. The Trustees also advanced evidence at trial that the Defendants breached express and implied warranties.
The property was originally owned by Advanced Development Concepts, Inc. (“ADC”). The Defendants were the principal owners of ADC and on April 4, 1988, ADC transferred 32 acres of the property to Treasure Island Really Trust ('TIRT”), a partnership consisting of the Defendants. The Defendants developed and marketed the property with the 33 finished condominiums and on March 15, 1991, TIRT sold its rights to develop, market and sell any remaining or new units to Treasure Island Development Corporation. TIRT also transferred the remaining 16 acres of the properly back to ADC. Treasure Island Development Corporation did not purchase, nor did they have the right to disturb, any interest in the condominium units developed by TIRT in the original phase.
DISCUSSION
This court grants a motion for judgment notwithstanding the verdict when “taking into account all the evidence in its aspect most favorable to the plaintiff . . . without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, the jury reasonably could return a verdict for the plaintiff.” Cambridgeport Savings Bank v. Boersner, 413 Mass. 432, 438 (1992), quoting Tosti v. Ayik, 394 Mass. 482, 494 (1985), appeal after remand 400 Mass. 224 (1987), cert. denied 484 U.S. 964 (1987), quoting Rubel v. Hayden, Harding & Buchanan, Inc., 15 Mass.App.Ct. 252, 254 (1983). Conflicting evidence alone does not justify judgment n.o.v. Tosti v. Ayik, supra at 494. “(I]t is of no avail for the defendant to argue that there was some or even much evidence which would have warranted a contrary finding by the jury.” Curtiss-Wright Corp. v. Edel-Brown Tool & Die Co., 381 Mass. 1, 4 (1980), quoting Chase v. Roy, 363 Mass. 402, 407 (1973). Hence, in ruling on a motion for judgment n.o.v., the court may not substitute its judgment of the facts for that of the jury. O’Shaughnessy v. Besse, 7 Mass.App.Ct. 727, 728, rev. denied, 378 Mass. 801 (1979).
The Defendants assert that the Trustees failed to carry their burden of proof with respect to proving that the negligence claim was not barred by the statute of limitations.[5] More specifically, the Defendants argue that the testimony at trial concerning building defects focused on leaking roofs and substandard trim on the condominium units. The Defendants suggest that the Trustees’ testimony indicated that the leaking roofs became evident in 1987 and 1988 and that premature peeling of paint on the trim was apparent in 1990, thus barring any claim not brought before 1993. In addition, the Defendants submit that the Trustees hired an attorney in 1990 and that even if the full extent of the defects were not evidence by 1990, the hiring of an attorney begins the statute of limitations period.
Pursuant to G.L.c. 260, §2B, “actions of tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property . . . shall be commenced only within three years next after the cause of action accrues . . .” The general rule applicable to negligence cases is that the cause of action accrues at the time of the injuiy. Cannon v. Sears Roebuck & Co., 374 Mass. 739, 741 (1978). In cases where the injury is inherently unknowable, the cause of action accrues when the plaintiff learns or reasonably should have learned that he/she has been harmed by the defendant’s conduct. White v. Peabody Construction Co, Inc., 386 Mass. 121, 129 (1982). The limitations period begins to run upon knowledge of the injury, regardless of whether the plaintiff has notice of every fact which must eventually be proved to support *590 the claim. Bowen v. Eli Lilly Co., 408 Mass. 204, 208 (1990).
Taking into account all the evidence in the light most favorable to the plaintiff, the testimony at trial indicates that the jury could reasonably return a verdict for the Trustees on the count of negligence. At the outset, the statute of limitations does not bar the Trustees’ claim. Defendants’ argument that the Trustees’ testimony suggests that the leaks were apparent in 1987 and 1988 and that the peeling paint was apparent in 1990 is not availing. The evidence presented at trial was clear that the extent of damages to the common areas was not known by the Trustees within the three year period prior to the filing of the complaint in 1994. It is of no consequence that the Trustees hired an attorney prior to 1991. This is not a case where the plaintiffs did not appreciate the extent of the damages, but rather a case where the Trustees did not in fact know the extent of damages until the three year period prior to 1994. Mansfield v. GAF Corp., 5 Mass.App.Ct. 551, 555 (1977) (where there is no dispute that the plaintiff learned a roof leaked no later than a specific date, the fact that the plaintiff did not appreciate the full extent of the damage until later is immaterial).
Ample evidence was presented at trial demonstrating that the Defendants were negligent. The Defendants developed and sold the 33 units and common areas which are the subject of the negligence claim and breached their duty owed to the Trustees. Defendants’ conclusoiy assertions that judgment notwithstanding the verdict is justified on the basis that the Defendants did not choose an incompetent builder or that the Defendants did not know of a design deficiency or that the Defendants were not negligent in any respect does not justify a judgment in Defendants’ favor.
The Defendants further contend that they are entitled to judgment notwithstanding the verdict on the Trustees’ claim of breach of warranty. The Defendants’ primary assertion is that express warranties are contract claims belonging to the individual unit holders and not the Trustees. With respect to the implied warranties, Defendant maintains that case law suggests that implied warranties are tort based and the statute of limitations, therefore, bars the Trustees’ claims.
Generally, a purchaser of a dwelling may sue a developer or builder for breach of contract for failure to provide promised amenities or to build according to specifications contained in the purchase agreement. Cigal v. Leader Development Corp., 408 Mass. 212,214 (1990). The consequence of establishing a condominium under G.L.c. 183A[6], however, is that “misrepresentations made by the developer to the purchasers of individual units concerning the adequacy of common facilities are to be taken as having been made to the trustees of the trust. . . who or which assume(s) the management of the condominium after the developer loses control.” Glickman v. Brown, 21 Mass.App.Ct. 229, 237 (1985). Accordingly, the Trustees have standing to bring a breach of warraniy claim with respect to representations made by the Defendants amounting to express warranties for the common areas.
The evidence presented at trial warranted a verdict in favor of the Trustees on the express and implied warranty counts. The Defendants fail to point out any case law which suggests that the breach of implied warranty established in this case is tort based. Therefore, the six year statute of limitations applicable to express and implied contract actions is appropriate for the Trustees’ claim.[7] In consideration of all the evidence, Defendants bare assertion that the statute of limitations for tort actions should apply to the breach of implied warranty count is unpersuasive.
Taking all the evidence in its aspect most favorable to the Trustees, it would be reasonable for the juiy to return a verdict in favor of the Trustees on the breach of warranty and negligence counts. The statute of limitations does not bar either claim. Furthermore, the claim of breach of express warranty was properly brought by the Trustees on behalf of the unit holders. Consequently, Defendants’ motion for judgment notwithstanding the verdict is denied.
ORDER
It is therefore ORDERED that defendants’ motion for judgment notwithstanding the verdict be DENIED.

Claims against defendant, Frank Noel, individually and as trustee of Treasure Island Realty Trust were dismissed on February 11, 1997 on the grounds that a suggestion of bankruptcy was filed on behalf of Frank Noel.

The complaint filed by the Plaintiffs on March 11, 1994 alleged breach of fiduciary duty, negligence, misrepresentation, breach of warranty, and unfair and deceptive trade practices. The breach of fiduciary duty count was withdrawn prior to the jury verdict. The jury returned a verdict in favor of the Defendants on the count of misrepresentation and the count of unfair and deceptive trade practices.

The Defendants pleaded the statute of limitations as an affirmative defense in their answer to the Trustees’ complaint. The Trustees, therefore, had the burden of proving at trial that their negligence claim was not barred by the statute of limitations. Teller v. Schepens, 381 Mass. 621, 623 (1980).

G.L.c. 183A is an enabling statute laying out minimum requirements for setting up condominiums. Tosney v. Chelmsford Village Condominium Ass'n., 397 Mass. 683, 686-87 (1990).

G.L.c. 260, §2 provides that “actions of contract . . . founded upon contracts or liabilities, express or implied . . . shall, except as otherwise provided, be commenced only within six years next after the cause of action accrues.”